UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Erik Whelan,<br><br>    Plaintiff,<br><br>v.<br><br>Santander Consumer USA Inc.,<br><br>    Defendant. | COMPLAINT UNDER<br>THE ILLINOIS CONSUMER FRAUD<br>AND DECEPTIVE BUSINESS<br>PRACTICES ACT AND THE<br>TELEPHONE CONSUMER<br>PROTECTION ACT AND FOR<br>INVASION OF PRIVACY<br><br>JURY DEMAND |

## PARTIES

1. Plaintiff, Erik Whelan, ("Erik"), is a citizen of Montana.

2. Defendant, Santander Consumer USA, Inc. ("Santander"), is an Illinois corporation with a principal place of business in Dallas, TX. Defendant's registered agent is located at 208 S. La Salle, Suite # 814, Chicago, Illinois, 60604.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as the claims arise under the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. §227. The Court has supplemental jurisdiction over state law claims.

4. Defendant is subject to personal jurisdiction in this District because it is at home in this District as an Illinois Corporation. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (U.S. 2014)(holding state of incorporation is a "paradigm all-purpose forum").

5. Pursuant to 28 U.S.C. §1391, venue is proper because Defendant is an Illinois corporation and this is a judicial district in which Defendant resides and Defendant is the only Defendant and thus all Defendants are residents of the State in which this district is located.

1

**STATEMENT OF FACTS**

6. Before Santander contacted Erik, Erik had no prior business relationship and Erik had never provided express consent to Santander to be contacted on his cellular telephone.

7. Santander uses an automatic telephone dialing system to make calls such as those made to Erik. See *Nelson v. Santander Consumer USA, Inc*., 931 F. Supp. 2d 919, 928-930 (W.D. Wis. 2013)

8. Erik allowed his coworker to make a call to Santander once.

9. After the call his co-worker made, Erik started to receive calls from Santander, Santander even left messages on Erik's cellphone.

10. These facts tend to prove that Santander uses "phone number capture" technology.

11. Phone number capture is not a form of prior express consent.

12. On several occasions Erik requested no more calls from Santander, he even explained to them that his friend borrowed the phone one day to make a call and that they are not allowed to call his number.

13. Santander continued to ignore Erik's request.

14. Erik made the request around the beginning of January 2014.

15. But Santander proceeded to repeatedly call Erik.

16. Santander called approximately 14 times after his request of no more calls.

17. Santander did not make those calls for emergency purposes or with the prior express consent of the called party.

18. Santander willingly and knowingly called Erik on a telephone number assigned to a cellular telephone service using an ATDS for non-emergency purposes without express consent of the called party.

19. Santander's calls to Erik willfully violated the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

20. Santander regularly calls people on numbers assigned to cellular service using an ATDS without prior express consent of the called party. See *Nelson v. Santander Consumer USA, Inc.*, 931 F. Supp. 2d 919, 928-930 (W.D. Wis. 2013)

21. Santander has no right to call consumers using an ATDS without prior express consent of the called party. See *Soppet v. Enhanced Recovery Co.*, LLC, 679 F. 3d 637 (7th Cir. 2012).

## COUNT ONE

### Violations of the Telephone Consumer Protection Act

22. Erik incorporates each of the preceding allegations as if specifically stated herein.

23. Santander violated 47 U.S.C. § 227(b)(1)(A)(iii) on multiple and separate occasions by calling Erik at telephone numbers assigned to a cellular service for non-emergency purposes using an ATDS without prior express consent of the called party.

## COUNT TWO

### Violations of the Illinois Consumer Fraud Act

24. Erik incorporates each of the preceding allegations as if specifically stated herein.

25. Santander violated the Illinois Consumer Fraud Act by engaging in the practice of making unwanted calls to Erik's cellular phone.

26. Santander committed an unfair practice when it repeatedly called Erik after being told to cease calls and being told that the person that Santander was attempting to reach did not own the phone.

27. Santander's practice of calling a consumer like Erik on his cellular phone offends public policy as established by the common law of invasion of privacy and modern-day consumer telephone consumer protection law.

28. Santander's practice is unethical because it violates industry standards such as those of the American Teleservices Association (now known as PACE); in that (a) Santander failed to meet the standard that "Requests to be placed on company/client specific do not call lists should be handled expeditiously, and such requests should be recognized and honored and not requiring the consumer to use specific language to distinguish a do not call request from a refusal request"; (b) Santander failed to meet the standard that "All such requests from consumers [to not call in the future] should be honored."
See https://www.ataconnect.org/public/compliance/ethics.php

29. Santander's practice of using "phone number capture" is not a form of express consent to call a consumer and violates recognized legal standard by ethical and legal compliance practitioners. See the "State of the TCPA: Consent, Dialers, the FCC", David Kaminski, Esq., Carlson & Messer LLP, June 12, 2013, (slide 24)

30. Santander's practice is oppressive because Erik had no choice of whether Santander continued to make calls. See *Centerline Equip. Corp. v. Banner Pers. Serv.*, 545 F. Supp. 2d 768, 780 (N.D. Ill. 2008)(holding that receipt of a single unwanted fax was oppressive).

31. Santander's calls cause substantial injury to consumers in the form economic damages related to the unwanted calls proximately causing damages in the form of charges related to cellular service; battery loss; invasion of privacy; aggravation and inconvenience.

32. Santander's unfair practice of making repeated unwanted calls to Erik proximately caused actual damages including battery loss and aggravation and inconvenience.

## COUNT THREE
### Invasion of Privacy

33. Erik incorporates each of the preceding allegations as if specifically stated herein.

34. A common law right to privacy exists.

35. The elements of a claim for invasion of privacy are (1) The defendant intentionally intruded on the plaintiff's solitude, seclusion, or private affairs; and (2) The intrusion would be highly offensive to a reasonable person.

36. Santander's harassing telephone calls were intentional, overt, unlawful acts.

37. The repeated unwanted calls were offensive.

38. The calls were unwarranted invasions of the right of privacy which constitute a legal injury for which a remedy exists.

39. The calls also constitute an intrusion upon a person's seclusion or solitude and, therefore, invade privacy.   See generally W. Page Keeton, Prosser and Keeton on the Law of Torts § 117 (5th ed.1984) (stating, at page 855, that persistent and unwanted telephone calls have been held to be invasions of privacy).

40. Santander invaded the privacy of Erik by means of its repeated harassing calls.

41. Santander proximately caused Erik damages as a result of its invasion of privacy.

**PRAYER FOR RELIEF**

Plaintiff prays for the following relief:

a. Judgment against Defendant and for Plaintiff for statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) for each and every call Defendant made in violation of the TCPA and an Order enjoining Defendant from placing further calls to Erik.

b. Judgment against Defendant for actual and punitive damages, costs and attorney's fees under 815 ILCS 505/10a.

c. Judgment for Actual and Punitive Damages for Invasion of Privacy.

d. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,
        Hyslip & Taylor, LLC LPA


        By:   /s/ Mark T. Lavery
             One of Plaintiff's Attorneys

Mark T. Lavery, Esq.
Hyslip & Taylor LLC LPA
917 W. 18th St., Suite 200
Chicago, IL 60608
312-380-6110
Mark@lifetimedebtsolutions.com